UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CR-428 CEJ |
| | ) | |
| JIMMY DALE TOWNSEND and | ) | |
| DEBORAH LYNN TOWNSEND, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Frederick R. Buckles for determination and recommended disposition, where appropriate. On July 6, 2012, Judge Buckles filed a Memorandum, Report and Recommendation with respect to the defendants' joint motion to suppress evidence. The defendants have filed timely objections to the magistrate judge's recommendation that their suppression motion be denied. The United States did not file a response to the defendant's objections.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objections have been made. Specifically, the Court has reviewed the transcript of the evidentiary hearing and the exhibits received in evidence. Having done so, the Court concludes that the factual findings made by Judge Buckles are supported by the evidence, and that his legal conclusions are correct.

As grounds for their objections, the defendants assert that there was no probable cause to support the issuance of the search warrant.[1]  Specifically, they contend that the information set forth in the affidavit in support of the search warrant was "not reliable" and that the law enforcement officers who supplied the information knew that it was not reliable.  The Court has reviewed the affidavit in its entirety and finds that it contains facts establishing a "fair probability" that methamphetamine and related paraphernalia could be found on the defendants' property.  See Illinois v. Gates, 462 U.S. 213, 238 (1983).  The affidavit recites the defendants' purchases of pseudoephedrine and the discovery of the aluminum foil with burnt residue and the receipt for the purchase of lithium batteries----all of which are related to the manufacture of methamphetamine.  The defendants do not identify the specific information they contend was unreliable, nor do they make any allegation of deliberate falsity or reckless disregard for the truth.  As such, the defendants are not entitled to a hearing on their objections.  See Franks v. Delaware, 438 U.S. 154, 171-172 (1978).

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Frederick R. Buckles [Doc. #78] is sustained, adopted, and incorporated herein.

---

[1] The defendants' generalized and non-specific objections to "each and every adverse ruling, decision, finding and order contained in the Report and Recommendation" as being "against the weight of the evidence and . . . contrary to existing law" are insufficient to trigger *de novo* review.

**IT IS FURTHER ORDERED** that the defendants' joint motion to suppress evidence [Doc. #41] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2012.